# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY STANLEY | CIV. NO. 16-13753 c/w 17-1926 |
| v. | APPLIES TO ALL CASES |
| STARFLEET MARINE TRANSPORTATION, INC. AND M/V MS. LINDA LEE | JUDGE KURT D. ENGELHARDT <br> MAG. JANIS VAN MEERVELD |

## ORDER AND REASONS

Presently before the Court is a Motion to Strike Jury Demand filed by Defendants, Starfleet Marine Transportation, Inc. and M/V MS. LINDA LEE (Rec. Doc. 25). Plaintiffs, Roy Stanley and Mitchell Mouton, filed an opposition to the Motion (Rec. Doc. 32), to which Defendants filed a reply (Rec. Doc. 34). Having carefully considered the parties' submissions, the record, and the applicable law, **IT IS ORDERED** that the Motion (Rec. Doc. 25) is **GRANTED** and the Request for Jury Trial (Rec. Doc. 22) is hereby stricken from the record, and that the trial in this matter will be held to the bench for the reasons stated herein.

### I.  BACKGROUND

This consolidated matter arises out of injuries that Plaintiffs, two offshore employees, purportedly suffered while being transported back to shore by Starfleet Marine Transportation, Inc., the owner and operator of the M/V MS. LINDA LEE. On August 10, 2016, Plaintiff, Roy Stanley, filed the instant lawsuit. (Rec. Doc. 1).[1] Therein, he pled that "this case is cognizable under the admiralty and maritime laws of the United States and this court is vested with jurisdiction." (*Id.*). On March 7, 2017, Mitchell Mouton filed a similar complaint seeking damages arising from the same incident, which included an identical jurisdictional statement. (17-1926, Rec. Doc. 1). On May 12, 2017, this Court consolidated these two cases. (Rec. Doc.

---

[1] All citations to record documents that do not include a case number refer to case number 16-13753.

19). On June 2, 2017, Plaintiffs filed an ex parte pleading labeled "Request for Trial by Jury in All Consolidated Matters." (Rec. Doc. 22).

Thereafter, on September 7, 2017, Defendants filed the present Motion to Strike Plaintiffs' Jury Demand, asserting that because Plaintiffs brought their claims exclusively under admiralty jurisdiction, invoking Rule 9(h), they waived their rights to a jury trial. (Rec. Doc. 25). Further, Defendants assert that given Plaintiffs' invocation of admiralty jurisdiction, the clear maritime nature of the dispute, and Plaintiffs' failure to "set forth any substantive rationale for why they are entitled to a jury trial," the case is properly before the Court under admiralty jurisdiction. (Rec. Doc. 25-1 at p. 2). Moreover, Defendants contend that even if diversity jurisdiction exists, which Defendants maintain Plaintiffs failed to plead, there is no right to a jury trial because Plaintiffs asserted their claims specifically under admiralty and maritime jurisdiction. (*Id.* at p. 3). Consequently, Defendants request that the Court strike the request for jury trial on the grounds that Plaintiffs are not entitled to a jury trial. (*Id.* at p. 4).

In opposition, Plaintiffs assert that the jurisdictional statement in the Complaint was ambiguous and that "ambiguity should be considered as clarified by the timely filed Request for Jury Trial on All Consolidated Matters." (Rec. Doc. 32 at p. 1). Further, Plaintiffs deny that they pled admiralty or maritime jurisdiction; instead, they contend that their jury trial request evidenced their intent to proceed under the diversity jurisdiction of this Court. (*Id.* at pp. 1-3). Additionally, Plaintiffs question the timing of Defendants' filing of the Motion after the deadline for filing amendments had passed. (*Id.* at p. 2). Thus, Plaintiffs request that the Motion to Strike Jury Demand be denied and, alternatively, that the Court allow an out of time amendment to the complaints "to allow the plaintiffs' carefully preserved right to a trial by jury." (*Id.* at p. 4).

In the reply memorandum in support of the Motion to Strike Jury Demand, Defendants

assert that the jurisdictional statements contained in Plaintiffs' Complaints are not ambiguous: "Not only is there no reference whatsoever to diversity jurisdiction…it is unclear how or which portion…can even arguably be read as asserting diversity jurisdiction." (Rec. Doc. 34 at pp. 2-3). Additionally, Defendants suggest that Plaintiffs had ample time to amend their Complaints, noting that due to the consolidation of cases, the deadline to amend was over one year after Mr. Stanley filed suit. (*Id.* at. p. 2). Finally, Defendants' argue that Plaintiffs have not adequately supported their request to amend because (1) they cannot preserve a right they have already expressly waived and (2) they have not satisfied the good cause standard of Rule 16. (*Id.* at p. 5).

## II.     LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure Rule 9(h), a plaintiff whose claim is cognizable within the Court's "admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground" may choose to designate the claim as an admiralty or maritime claim. Fed. R. Civ. P. 9(h). Designating a claim as an admiralty or maritime claim under Rule 9(h) carries with it "numerous and important consequences." *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586 (5th Cir. 1983). Particularly, a plaintiff who elects to bring a suit under admiralty jurisdiction is not entitled to a trial by jury. *Id.* at 587; *see also Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).

An express designation invoking Rule 9(h) is not necessary as long as the complaint includes a simple statement identifying the claim as an admiralty or maritime claim. *T.N.T. Marine*, 702 F.2d at 587-88. "There is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *T.N.T. Marine*, 702 F.2d at 587; *accord Luera v. M/V Alberta*, 635 F.3d 181, 189 (5th Cir. 2011) ("[A] plaintiff who asserts admiralty jurisdiction as a basis for the

court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity….").

The instant suit arises out of injuries two offshore workers allegedly sustained when the vessel that was transporting them back to shore, M/V MS. LINDA LEE, encountered rough seas, causing Plaintiffs to be tossed about the interior of the vessel. (Rec. Doc. 1 and 17-1926, Rec. Doc. 1). Plaintiffs solely allege admiralty jurisdiction in their Complaints: "This case is cognizable under the admiralty and maritime laws of the United States and this court is vested with jurisdiction." (Rec. Doc. 1 at ¶ 2 and 17-1926, Rec. Doc. 1 at ¶ 2). Such a statement is a Rule 9(h) election. Furthermore, Plaintiffs failed to plead diversity jurisdiction in either of their Complaints or First Amending and Supplemental Complaints.

As the masters of their Complaints, Plaintiffs opted to proceed in admiralty. Thus, Plaintiffs have invoked the distinct features and remedies of admiralty jurisdiction, including the procedural consequence of a non-jury trial. Contrary to Plaintiffs' assertions, the Court does not find ambiguity in the Plaintiffs' identical jurisdictional statements. Even if clarification was required, Plaintiffs do not provide any legal support to suggest that a subsequent request for a jury trial is indicative of a plaintiff's *intent* to invoke diversity jurisdiction. Accordingly, this Court finds in favor of the Defendants, striking the Plaintiffs' jury demand on the grounds that the Plaintiffs elected to proceed in admiralty, thus no right to a jury trial exists.

While the Court recognizes that a Rule 9(h) election is not irrevocable, Plaintiffs have not provided sufficient information for the Court to determine whether good cause exists to permit an untimely[2] amendment. *See S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315

---

[2] The deadline for amendments was August 17, 2017. (Rec. Doc. 24). The deadline extended more than a year after

4

F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").[3] Plaintiffs merely state, in a footnote, that there is a "reasonable reason" for their noncompliance with the amendment deadline, but fail to adequately identify the reason for their delay. Instead of offering an explanation for their untimeliness, Plaintiffs emphasize that the Defendants waited until the deadline for amendments had passed to file their Motion to Strike the Jury Demand. The Court finds this irrelevant and is not convinced that Plaintiffs have satisfied the good cause standard necessary to allow an amendment after the Scheduling Order deadline.[4]

### III. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that Defendants' "Motion to Strike Jury Demand" (Rec. Doc. 25) is hereby **GRANTED** and the Request for Jury Trial filed by Plaintiffs is hereby stricken from the record. **IT IS FURTHER ORDERED** that the Scheduling Order (Rec. Doc. 24) is hereby amended to reflect that the trial set to commence on Monday, April 16, 2018 at 8:30 a.m. will be a bench trial.

New, Orleans, Louisiana, this 22nd day of December, 2017.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

Stanley filed his Complaint.

[3] *See also Sylve v. Subsea 7 US LLC*, No. 15-4148, 2016 WL 6833638, at *3 (E.D. La. Nov. 21, 2016) (denying Plaintiff's request to amend his complaint to make a Rule 9(h) election and withdraw his request for a jury, finding that the Plaintiff failed to satisfy the good cause standard because he offered no explanation for his delay or why, despite his diligence, he did not seek the amendment prior to the deadline).

[4] "The absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate good cause." *Callais v. Susan Vizier, Inc.*, No. 99-2008, 2000 WL 278097, at *4 (E.D. La. Mar. 13, 2000).