UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY STANLEY, ET AL. | CIVIL ACTION |
| VERSUS | NO: 16-13753 |
| STARFLEET MARINE TRANSPORTATION, INC. ET AL. | SECTION: "J"(1) |

## ORDER & REASONS

## NATURE OF MOTION AND RELIEF REQUESTED

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 45)** filed by Defendant Starfleet Marine Transportation, Inc., the owner and operator of M/V MS. LINDA LEE. Plaintiffs filed their opposition (Rec. Doc. 49) and Defendant replied (Rec. Doc. 54). Having considered the Motion, the legal memoranda, and the applicable law, the Court finds that the Motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

The Plaintiffs in this case are offshore platform operators, Roy Stanley and Mitchell Mouton, who were injured as passengers aboard the M/V MS. LINDA LEE while it was transporting them to shore. (Rec. Doc. 1 at 2). On March 23, 2014, Plaintiffs boarded the LINDA LEE via a personnel basket. At boarding the gulf was rough enough for waves to spill water over the LINDA LEE's gunwales and onto the deck. (Rec. Doc. 45-4 at 8). After coming aboard, Mr. Mouton went into the wheelhouse to ask about the rough seas. He spoke with the captain of the LINDA

1

LEE, Jamie Brown. According to Mr. Mouton, Capt. Brown informed him that they were in for bad weather, due to a "northerner" blowing cold air onto the gulf. (Rec. Doc. 45-5 at 8). The Captain allegedly stated "he was going to run into shallow water to avoid being so far out whenever high winds did come through." Capt. Brown disputes this account and has testified that he was not concerned with the waves Plaintiffs witnessed as they boarded, because he believed the cold front and the resulting rough seas would not arrive until much later, as forecasted in the National Weather Service High Seas Report. (Rec. Doc. 49-2 at 11).[*]

On the trip back Plaintiffs became tired and went into the cabin. They found empty rows of chairs—arranged as they would be on a commercial airliner—and lay down across multiple chairs. Plaintiffs deny being given any safety instruction regarding how to properly ride in the vessel and deny they were ever told to not lie down in this manner. (Rec. Docs. 45-4 at 13, 45-5 at 9). Plaintiffs fell asleep and were awoken as their bodies were thrown into the air as the LINDA LEE hit a large wave. Plaintiffs fell down to the floor of the cabin before being thrown into the air again by another sudden wave. (Rec. Doc. 45-5 at 9). Plaintiffs allege they suffered various injuries from being thrown about the cabin. (Rec. Doc. 1).

Plaintiffs filed suit against Starfleet Marine Transportation, Inc., the owner-operator of the LINDA LEE on August 10, 2016. Plaintiffs claim in their amended complaint that their injuries were caused by a number of unreasonable actions or inactions by the Defendant, but primarily argue that it was unreasonable for Capt.

---

[*] The Court does not make credibility determinations at this stage and weighs the evidence in the nonmovants' favor.

2

Brown to take the course he did, at the speed he did, in rough seas, given the LINDA LEE's capabilities. Moreover, Plaintiffs argue that it was unreasonable for Defendant not to provide passengers with any safety procedures or equipment. (Rec. Doc. 18 at 2). Defendant then filed the Motion that is before this Court. The Court will consider it on the briefs and without oral argument.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l*

3

*Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

### I. 'ACT OF GOD' AFFIRMATIVE DEFENSE

Defendant argues that it is not liable for the injuries of Plaintiffs, because the waves that struck the LINDA LEE were acts of God, over which no one has control. (Rec. Doc. 45-1 at 6-7). Defendant cites a number of cases in which courts have recognized that vessel owners are not responsible for injuries resulting from so-called "rogue waves." *See Irwin v. United States*, 236 F.2d 774, 776 (2d Cir. 1956) (finding that "[e]ven the United States is not master of the sea and the wind" and is therefore not liable for "an unpredictable 'freak swell'"). However, in none of the cases cited by Defendant does a court find it appropriate to grant summary judgment to a defendant on such a theory. *See, e.g.*, *In re Cornfield*, 365 F.Supp. 2d 271, 280 (E.D.N.Y. 2004), *aff'd sub nom. Cornfield v. Cornfield*, 156 Fed. Appx. 343 (2d Cir. 2005) (finding *after a trial* that plaintiff had failed to prove negligence, because the court found weather not to be prohibitive except for "rogue wave conditions"). Instead, Courts tend to reserve determination of the cause of a plaintiff's injuries—whether it be negligence or an unpredictable force of nature—for the trier of fact. *See, e.g.*, *Petition of Catalina Cruises, Inc.*, 930 F.Supp. 1384, 1386 (C.D. Cal. 1996) (recognizing that a trial was

4

necessary to determine whether defendant's conduct was reasonable, defendant's argument that a "rogue wave" was an unpredictable act of God notwithstanding). Therefore, the Court finds summary judgment on this ground improper.

II. **SUFFICIENCY OF PLAINTIFFS' EVIDENCE**

Defendant goes onto argue that summary judgment is appropriate simply because Plaintiffs cannot meet their burden of proof. Essentially, Defendant argues that because the Plaintiffs were asleep in the cabin at the time, they can't offer any testimony as to Capt. Brown's handling of the vessel when the waves struck the LINDA LEE. Defendant argues Plaintiffs also lack any special knowledge of maritime procedures, and have not hired an expert, so Plaintiffs lack any means to challenge the reasonableness of Capt. Brown's operations. (Rec. Doc. 45-1 at 8).

Plaintiffs point out that there was evidence the weather was worsening before the LINDA LEE left the platform. (Rec. Doc. 49 at 4). Specifically, one of the Plaintiffs avers that the captain informed him that the weather was caused by an incoming cold front and that he would take action to protect the vessel by heading for "shallow water." (Rec. Doc. 45-5 at 8). This contradicts Capt. Brown's assertion that he set out without fear of the cold front because he expected it much later. (Rec. Doc. 49-2 at 11). This is a dispute as to a material fact that should be weighed after trial. Likewise, Plaintiffs and Capt. Brown dispute whether they were given an orientation on how to properly sit in their seats. (Rec. Doc. 49 at 4). Defendant argues that even accepting Plaintiffs' version (as the Court must), "Plaintiffs offer no evidence that had they been told to sit down" upright "they would have done so." (Rec. Doc. 54 at 6). However, "[a]t

5

the summary judgment stage, the defendant cannot speculate how the plaintiff would have responded to a warning." *Wyler v. Holland Am. Line-USA, Inc.*, 348 F.Supp. 2d 1206 (W.D. Wash. 2003) (declining summary judgment where defendant ocean liner made sudden turn to avoid an incoming rogue wave and plaintiff was injured upon being thrown from her chair). Therefore, the Court finds summary judgment to be inappropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 45)** filed by Defendant is **DENIED**.

New Orleans, Louisiana, this 31st day of July, 2018.

_____
Carl J. Barbier
United States District Judge